UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAY ALAN AINSWORTH,<br><br>    Plaintiff,<br><br>vs.<br><br>B. DROZ, A. WILLIAMS,<br><br>    Defendants. | 4:16-CV-04042-KES<br><br>ORDER DENYING MOTION FOR CONTINUANCE AND DENYING MOTION TO APPOINT COUNSEL |

  Plaintiff, Jay Alan Ainsworth, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Ainsworth filed an amended pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 9. This court screened his amended complaint and directed service. Docket 10. Now, Ainsworth moves the court for a continuance and to appoint counsel. Docket 24; Docket 25. Defendants move to stay the discovery. Docket 27.

  Defendants move to stay discovery. Docket 27. They request that discovery be stayed until the court determines whether they are entitled to qualified immunity. Id. "[Q]ualified immunity is 'an immunity from suit rather than a mere defense to liability . . . .' " Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be

resolved prior to discovery.' " Id. Anderson v. Creighton, 483 U.S. 635, 640, n.2, (1987). Therefore, defendants' motion to stay discovery is granted.

Ainsworth moves the court for a continuance. Docket 24. He seeks time to file interrogatories and perform other discovery, and he states that he has not already conducted discovery because he was in the Segregated Housing Unit. *Id.* Because the court grants defendants' motion to stay discovery, this motion is moot. If it is determined that defendants are not entitled to qualified immunity, the court will enter a new scheduling order setting new deadlines at that time.

Ainsworth moves the court to appoint him counsel. Docket 25. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, and the indigent's ability to present his claim. *Id.* The facts of Ainsworth's claims are not complex, and he appears able to adequately present his claims at this time. Therefore, his motion to appoint counsel is denied. The court is aware that this situation may change as litigation progresses and will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Accordingly, it is ORDERED

1. Ainsworth's motion for continuance (Docket 24) is denied.

2. Ainsworth's motion to appoint counsel (Docket 25) is denied.

3. Defendants' motion to stay discovery (Docket 27) is granted. Defendants will file their motion for summary judgment based on qualified immunity by October 3, 2016.

Dated August 26, 2016.

                                              BY THE COURT:
                                              /s/ *Karen E. Schreier*
                                              KAREN E. SCHREIER
                                              UNITED STATES DISTRICT JUDGE